

■ We hold the affidavit sufficient to show probable cause. The officers were searching for arms and explosives. They saw the marihuana in open view before taking it. Contraband may be seized even though it has not been listed in the warrant, e. g. Valdez v. State, Tex.Cr.App., 472 S.W.2d 754.

The fourth ground of error is overruled.

■ Lastly, complaint is made that the court erred in admitting testimony concerning the finding of machine guns. Testimony of this came in without objection. Appellant's father testified that he owned a pistol and a shotgun but that the appellant owned the other firearms. We perceive no error.

The evidence is sufficient to support the conviction. The record contains no reversible error.

The judgment is affirmed.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Alabama.

■ The only evidence introduced was the executive warrant of the Governor of Texas. It recites that the appellant " . . . stands charged by indictment and warrant before the proper authorities, with the crime of possession of pistol after conviction of a crime of violence . . . ." The petitioner objected to its introduction on the ground it did not allege a crime under the Texas statutes. The Alabama statutes were not introduced into evidence. Art. 489c, Vernon's Ann.P.C., provides:

"Section 1. No person who has been convicted of a felony involving an act of

---

**Ex parte Jessie James CARROLL.**

**No. 45036.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

**924**

violence may possess away from the premises upon which he lives a prohibited weapon, or a firearm having a barrel of less than 12 inches in length. 'Prohibited weapon' means any weapon specified by Article 483, Penal Code of Texas, 1925, as amended."

We hold this is sufficient. The executive warrant being regular on its face made a prima facie case for extradition. Ex parte Starks, 464 S.W.2d 837 (Tex.Cr.App.1971).

The judgment remanding appellant to custody is affirmed.

No motion for rehearing will be entertained without leave of this Court first being obtained.

**W. H. HOWELL, Appellant,**

**v.**

**HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Appellee.**

**No. 5087.**

Court of Civil Appeals of Texas, Waco.

Nov. 24, 1971.

Rehearing Denied Jan. 6, 1972.

Brown, Brown & Bowen, Inc., Fred R. Brown, Garland, for appellant.

Touchstone, Bernays & Johnston, Webber W. Beall, Jr., Dallas, for appellee.